Citation Nr: 1237374 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 12-21 620 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas


THE ISSUE

Entitlement to automobile or adaptive equipment (the issue of entitlement to payment or reimbursement for the cost of unauthorized private medical expenses incurred on February 9, 2009 is the subject of a separate Board decision).


REPRESENTATION

Veteran represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

J.B. Freeman, Counsel





INTRODUCTION

The Veteran served on active duty from August to October 1981, from April to September 1984 and from November 1985 to March 1990. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2012 rating decision of the RO in Houston, Texas, which, among other things, denied entitlement to automobile or adaptive equipment. 

The Board has not only reviewed the Veteran's physical claims file but also the Veteran's file on the "Virtual VA" system to insure a total review of the evidence. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

The RO denied entitlement to automobile or adaptive equipment, as well as other claims, in a July 2011 decision. Although there is no notice of disagreement (NOD) or statement of the case (SOC) in the claims file, the Board's Veterans Appeals and Control Locator System (VACOLS) indicates that the Veteran filed a NOD in July 2012 and the RO issued a SOC later that month. The RO forwarded to the Board the Veteran's November 2011 substantive appeal (VA Form 9), in which he requested a videoconference hearing before a Veterans Law Judge at the RO. It is not clear whether the appeal has been certified to the Board and whether any of the other claims that were denied in the July 2011 were appealed. However, certification is used for administrative purposes and does not confer or deprive Board of jurisdiction over an issue, 38 C.F.R. § 19.35. The Board therefore finds that, consistent with the conservation of VA's resources, a remand for scheduling of the requested hearing as to all issues that have been properly appealed is warranted at this time. 


Accordingly, the case is REMANDED for the following action:

Schedule the Veteran for a videoconference hearing on all issues that have been properly appealed before a Veterans Law Judge at the RO, and notify him of the scheduled hearing at the latest address of record. This hearing is to be scheduled in accordance with applicable law.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
J. HAGER
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2011).